1

2

3

4

5

6            UNITED STATES DISTRICT COURT

7           EASTERN DISTRICT OF CALIFORNIA

8

9  LARRY PHILLIPS,              )   1:04-cv-06398-SMS
                                )
10            Plaintiff,        )   **ORDER DISMISSING ACTION WITHOUT**
                                )   **PREJUDICE FOR (1) FAILURE TO**
11     v.                       )   **FILE AN OPENING BRIEF, (2)**
                                )   **FAILURE TO PROSECUTE THE**
12 JO ANNE B. BARNHART,         )   **ACTION, AND (3) FAILURE TO**
   Commissioner of Social       )   **OBEY A COURT ORDER**
13 Security,                    )   (Doc. 14)
                                )
14            Defendant.        )   **ORDER DIRECTING CLERK TO**
                                )   **CLOSE THIS ACTION**

15

16      Plaintiff is proceeding with counsel and in forma pauperis

17 in an action seeking judicial review of a final decision of the

18 Commissioner of Social Security (Commissioner) denying

19 plaintiff's application for benefits.  The parties have consented

20 to Magistrate Judge jurisdiction pursuant to 28 U.S.C.

21 § 636(c)(1) to conduct all further proceedings in this action,

22 including the entry of final judgment.

23      I.   Procedural History

24         On October 13, 2004, plaintiff filed the complaint

25 (Doc. 1).  The Scheduling Order that also issued on October 13,

26 2004 (Doc. 5), directed plaintiff to file his Opening Brief

27 ninety-five (95) days after the defendant lodged the

28 administrative record.

1

1   The administrative record was lodged on January 31, 2005

2   (Doc. 8).  Thus, plaintiff's brief was due to be filed on or

3   about May 6, 2005.  However, on April 12, 2005 (Doc. 13), the

4   parties filed a Stipulation and Order to extend time to May 10,

5   2005 for defendant to respond to plaintiff's confidential letter

6   brief.  Thus, plaintiff's brief was then due to be filed on June

7   10, 2005.  When plaintiff failed to timely file his Opening

8   Brief, the Court issued an Order to Show Cause on June 28, 2005

9   (Doc. 14), requiring a sworn Declaration of facts on or before

10  July 5, 2005.  Plaintiff has not filed an Opening Brief, has

11  failed to seek an extension of time, has failed to prosecute this

12  action, and has not responded to the court's Order to Show Cause.

13      II.  Discussion

14      Local Rule 11-110 provides that "...failure of counsel

15  or of a party to comply with these Local Rules or with any order

16  of the Court may be grounds for the imposition by the Court of

17  any and all sanctions...within the inherent power of the Court."

18  District courts have the inherent power to control their dockets

19  and "in the exercise of that power, they may impose sanctions

20  including, where appropriate...dismissal of a case." Thompson v.

21  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may

22  dismiss an action, with prejudice, based on a party's failure to

23  prosecute an action, failure to obey a court order, or failure to

24  comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,

25  53-54 (9th Cir. 1995) (dismissal for noncompliance with local

26  rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

27  (dismissal for failure to comply with an order requiring

28  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41

1   (9th Cir. 1988) (dismissal for failure to comply with local rule

2   requiring pro se plaintiffs to keep court apprised of address);

3   Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

4   (dismissal for failure to comply with court order); Henderson v.

5   Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

6   failure to lack of prosecution and failure to comply with local

7   rules).

8        In determining whether to dismiss an action for lack of

9   prosecution, failure to obey a court order, or failure to comply

10  with local rules, the court must consider several factors:  (1)

11  the public's interest in expeditious resolution of litigation;

12  (2) the court's need to manage its docket; (3) the risk of

13  prejudice to the defendants; (4) the public policy favoring

14  disposition of cases on their merits; and, (5) the availability

15  of less drastic alternatives. Thompson, 782 F.2d at 831;

16  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik,

17  963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

18       In this case, the Court finds that the public's interest in

19  expeditiously resolving this litigation, and the Court's interest

20  in managing the docket, weigh in favor of dismissal.

21       The third factor, risk of prejudice to defendants, also

22  weighs in favor of dismissal, since a presumption of injury

23  arises from the occurrence of unreasonable delay in prosecuting

24  an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

25  1976).  Plaintiff has failed to offer any explanation for the

26  delay in proceeding to prosecute the case.  The Court finds that

27  under the circumstances of this case, plaintiff's delay is

28  unreasonable.

1   The fourth factor -- public policy favoring disposition of

2   cases on their merits -- is greatly outweighed by the factors in

3   favor of dismissal discussed herein.

4   Finally, a court's warning to a party that failure to obey

5   the court's order may result in dismissal satisfies the

6   "consideration of alternatives" requirement.  Ferdik v. Bonzelet,

7   963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at

8   1424.  The Court's Order to Show Cause expressly warned plaintiff

9   that failure to comply with and/or respond to the Order to Show

10  Cause would result in the dismissal of this action.

11  Accordingly, it is hereby ORDERED that this action is

12  DISMISSED, without prejudice, for plaintiff's failure to

13  prosecute this action and failure to obey the Court's Order to

14  Show Cause of June 28, 2005.

15  The Clerk is therefore DIRECTED to CLOSE this action in its

16  entirety.

17  IT IS SO ORDERED.

18  **Dated:    July 12, 2005**                        **/s/ Sandra M. Snyder**
    icido3                                      UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

4