UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY PHILLIPS,<br><br>        Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | 1:04-cv-6398-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT OF DISMISSAL (DOC. 17)<br><br>ORDER VACATING JUDGMENT AND ORDER DISMISSING THIS ACTION (DOCS. 15, 16)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN OPENING BRIEF NO LATER THAN TEN DAYS AFTER THE DATE OF FILING THIS ORDER |

Plaintiff proceeded with an action in which Plaintiff sought judicial review of a final decision of the Commissioner of Social Security denying Plaintiff's application for benefits. The matter was referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.

The action was dismissed by order dated July 14, 2005, for Plaintiff's failure to prosecute, and specifically Plaintiff's failure to respond to an order to show cause why the action should not be dismissed for failure to file a timely opening brief, which had been due to be filed on May 10, 2005. A judgment

1

1  of dismissal was entered on July 14, 2005.

2      On September 20, 2005, Plaintiff filed a motion to vacate
3  the judgment of dismissal and a declaration of Laura Krank in
4  support thereof. On November 10, 2005, pursuant to the Court's
5  order of November 4, 2005, directing the filing of either
6  opposition or a notice of non-opposition, Defendant filed a
7  statement of non-opposition to the motion to vacate.

8      Rule 60(b) permits reconsideration of an order based on: 1)
9  mistake, inadvertence, surprise, or excusable neglect; 2) newly
10 discovered evidence that could not have been discovered
11 diligently in time to move for a new trial under Rule 59(b); 3)
12 fraud by an adverse party; 4) a void judgment; 5) satisfaction,
13 release, or discharge of the judgment, or reversal of a prior
14 judgment upon which the judgment was based; or 6) any other
15 reason justifying relief from the operation of the judgment. Fed.
16 R. Civ. P. 60(b). A motion pursuant to Rule 60(b) must be brought
17 within a reasonable time, which cannot be more than one year if
18 the motion is based on mistake, newly discovered evidence, or
19 fraud. Rule 60(b)(1)-(b)(3).

20     The term "excusable neglect," as used in several Federal
21 Rules of Civil Procedure (Rules 6(b), 45(b), 13(f), and
22 60(b)(1)), refers to defaults occasioned by inadvertence,
23 mistake, or carelessness as well as by circumstances beyond a
24 party's control. <u>Pioneer Investment Services Co. v. Brunswick
25 Associated Limited Partnership</u>, 507 U.S. 380, 388-89, 391 (1993).
26 Absent specific statutory direction, the determination of what
27 constitutes excusable neglect is essentially an equitable
28 determination in which all relevant circumstances pertaining to

the party's neglect may be considered, including the length of the delay, its impact on judicial proceedings, the reason for the delay, whether the delay was within the control of the defaulting party, the danger of prejudice to the other party, and whether the defaulting party proceeded in good faith. Id. at 395. Further, the culpable conduct of an attorney may be attributed to the client. Id. at 396-397.

The Court finds that Plaintiff's motion as filed within a reasonable time after the entry of the judgment dismissing this action.

Plaintiff's counsel explained that a mistake in usual office procedures resulted in the misfiling of the Defendant's confidential letter, which was not discovered until a periodic self-audit of files in September, 2005, at which time counsel immediately filed the motion to vacate. Counsel failed to receive the Court's orders through the electronic filing system.[1]

Counsel's delay was relatively brief and was not entirely within counsel's control. It appears that counsel proceeded in good faith; counsel has already prepared an opening brief which is ready to be filed. In view of Defendant's lack of opposition to the motion, it appears that no prejudice has resulted from the delay. Under the circumstances, the Court concludes that the judgment of dismissal should be set aside because of excusable neglect.

Accordingly, it IS ORDERED that

1. Plaintiff's motion for relief from the judgment entered

---

[1] It appears that counsel is registered to file documents electronically; counsel filed the instant motion for relief from the judgment electronically.

1  on July 14, 2005, in this action IS GRANTED; and

2      2. The Court's judgment filed on July 14, 2005, dismissing
3  this action without prejudice IS VACATED; and

4      3. The Court's order dismissing the case dated July 14,
5  2005, IS VACATED; and

6      4. Plaintiff IS DIRECTED to file Plaintiff's opening brief
7  no later than ten days after the date of this order; and

8      5. Plaintiff IS INFORMED that a failure to file timely an
9  opening brief will result in dismissal of this action; and

10     6. All the provisions of this Court's scheduling order of
11 October 13, 2004, remain in effect.

12 IT IS SO ORDERED.

13 **Dated:   November 21, 2005**              /s/ Sandra M. Snyder
   icido3                                UNITED STATES MAGISTRATE JUDGE